**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT MOORE,<br><br>　　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>DITECH FINANCIAL LLC; BANK OF NEW YORK MELLON, FKA Bank of New York, as Trustee for the Certificate Holders CWMBS, Inc. CHL Mortgage Pass-Through Trust 2005-14, Mortgage Pass Through Certificates, Series 2005-14,<br><br>　　　　　　Defendants-Appellees. | No. 17-16317<br><br>D.C. No. 2:16-cv-01602-APG-PAL<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted January 16, 2018**

Before:　　REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Robert Moore appeals pro se from the district court's judgment dismissing

his diversity action alleging a wrongful foreclosure claim.  We have jurisdiction

---

　　*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　**　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009).  We affirm.

The district court properly dismissed Moore's wrongful foreclosure claim because Moore did not allege facts sufficient to show that he was not in default on his loan, and that defendants have not foreclosed on Moore's home.  *See In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 785 (9th Cir. 2014) ("Nevada law requires that a trustor or mortgagor show a lack of default in order to proceed with a wrongful foreclosure claim."); *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983) (wrongful foreclosure claim requires allegations that a lender exercised the power of sale and foreclosed upon property when no failure of performance existed on the part of the borrower).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

17-16317